# NO. 12-20-00279-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DANNY RAY TATE,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 7TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Danny Ray Tate appeals his conviction for aggravated assault with a deadly weapon. In his sole issue, Appellant argues that the "time payment" fee assessed in the trial court's bill of costs is unconstitutional. We modify the bill of costs and affirm the trial court's judgment.

### BACKGROUND

Appellant was charged by indictment with aggravated assault with a deadly weapon, i.e., he used or exhibited a deadly weapon, a box cutter, during the commission of or immediate flight from the offense, a second-degree felony.[1]

Pursuant to a negotiated plea agreement, Appellant pleaded "guilty" to the offense and the allegation that he used or exhibited a deadly weapon during the commission of the offense. Appellant signed various documents in connection with his guilty plea, including an agreed punishment recommendation, and a stipulation of evidence in which he judicially confessed to the offense alleged in the indictment, admitted that he committed each and every allegation alleged in the complaint, and admitted he was guilty as charged. The trial court accepted Appellant's plea, found the evidence substantiated his guilty plea, deferred proceedings without

---

[1] *See* TEX. PENAL CODE ANN. § 22.02(b) (West Supp. 2021).

entering an adjudication of guilt, and ordered that Appellant be placed on deferred adjudication community supervision for seven years.

Later, the State filed a motion to adjudicate Appellant's guilt, alleging that he violated the terms of his community supervision in several respects. At the hearing on the State's motion, Appellant pleaded "true" to some of the State's allegations, including that he used synthetic cannabinoids, failed to report and submit to a random urinalysis, failed to pay various community supervision fees, and failed to perform his community service hours and complete an anger management course. Appellant pleaded "not true" to the remainder of the allegations that he escaped custody while causing bodily injury and failed to attend substance abuse support group meetings. After the hearing, the trial court found all the allegations in the State's motion to be true, granted the motion, revoked Appellant's deferred adjudication community supervision, and adjudicated Appellant guilty of aggravated assault with a deadly weapon. The trial court assessed Appellant's punishment at fifteen years of imprisonment and ordered him to pay any unpaid court costs. This appeal followed.

## COURT COSTS

In his sole issue, Appellant argues that the trial court erred when assessing in its bill of costs a "time payment" fee previously authorized by Texas Local Government Code Section 133.103.[2]

The trial court's earlier order placing Appellant on deferred adjudication supervision assessed court costs in the amount of $279.00. The conditions of supervision required that Appellant pay his court costs at $20.00 per week. There is no itemized bill of costs in the record pertaining to that order. Appellant neither makes an argument in his brief that he appeals court costs imposed in the order placing him on community supervision, nor does he assert that a time payment fee was assessed against him during that time period. In any event, the order placing

---

[2] The Texas Legislature passed legislation, effective January 1, 2020, that transfers Texas Local Government Code Section 133.103 to Texas Code of Criminal Procedure Article 102.030 and revises the statute to provide that all of the fees collected under the section are "to be used for the purpose of improving the collection of outstanding court costs, fines, reimbursement fees, or restitution or improving the efficiency of the administration of justice in the county or municipality." *See* Act of May 23, 2019, 86th Leg., R.S., S.B. 346, § 2.54, 2019 Tex. Sess. Law Serv. Ch. 1352. The changes apply only to a cost, fee, or fine assessed on a conviction for an offense committed on or after the effective date of the Act. *Id.* § 5.01. Because the offense in this case was committed before January 1, 2020, the former law applies. *See* ***Ovalle v. State***, 592 S.W.3d 615, 617 n.1 (Tex. App.—Dallas 2020), *vacated*, 2021 WL 1938672 (Tex. Crim. App. May 12, 2021).

him on deferred adjudication is not a "judgment" authorizing a time payment fee. *See **Turner v. State***, No. 05-19-01493-CR, 2021 WL 3083501, at *2 (Tex. App.—Dallas July 21, 2021, no pet.) (mem. op. on remand, not designated for publication) (holding that assessment of time payment fee for costs assessed in order placing defendant on deferred adjudication community supervision is not "judgment" as term is used by Section 133.103 authorizing time payment fee for unpaid costs on or after 31st day after date on which "judgment" is entered).

Instead, Appellant challenges a time payment fee assessed in the bill of costs after the trial court subsequently adjudicated his guilt as part of this direct appeal from that judgment. The trial court, in its final judgment adjudicating his guilt entered December 11, 2020, assessed "$0.00" in court costs, and the judgment is unaccompanied by an "Order to Withdraw Funds." However, the bill of costs includes an entry for a $25.00 time payment fee. But the total outstanding balance in the bill of costs, and each itemized fee including the $25.00 time payment fee, is $0.00. The Texas Court of Criminal Appeals recently held that the pendency of an appeal "stops the clock" for purposes of the time payment fee. ***Dulin v. State***, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021). Consequently, to the extent the time payment fee was actually assessed against Appellant, the assessment is premature and should be struck in its entirety, without prejudice to its being assessed later if, more than thirty days after the issuance of the appellate mandate, the defendant has failed completely to pay any fine, court costs, or restitution that he owes.[3] ***Id.***

We are authorized on direct appeal to modify the bill of costs to remove the time payment fee independent of finding error in the trial court's judgment. *See **Contreras v. State***, No. 05-20-00185-CR, 2021 WL 5049107, at *8 (Tex. App.—Dallas Nov. 1, 2021, no pet. h.) (mem. op., not designated for publication) (citing ***Bryant v. State***, No. 10-18-00352-CR, 2021 WL 3191937, at *2 (Tex. App.—Waco July 28, 2021, no pet.) (op. on remand)). Accordingly, we modify the bill of costs by deleting the time payment fee of $25.00.

Finally, the bill of costs includes a paragraph stating that an additional $15.00 fee will be assessed if any part of the court costs is paid on or after the 31st day after the judgment assessing the court costs is entered. *But see* TEX. LOC. GOV'T CODE ANN. § 133.103(c), *redesignated as* TEX. CODE CRIM. PROC. ANN. art. 102.030 (West Supp. 2021) (treasurer shall deposit ten percent

---

[3] Because the fee assessment Appellant challenges in his first issue is premature, we do not consider the constitutionality of the fee. *See* TEX. R. APP. P. 47.1.

of fees collected under this section in general fund of county or municipality for purpose of improving efficiency of administration of justice in county or municipality). Although the bill of costs states that said fee could be assessed, the record does not show that it was assessed. Because the record does not show that any additional time payment fee was assessed, we conclude that Appellant's argument regarding the $15.00 fee is without merit, and we overrule that portion of his sole issue. *See Kinsey v. State*, No. 12-21-00014-CR, 2021 WL 4203101, at *2–3 (Tex. App.—Tyler Sept. 15, 2021, no pet. h.) (mem. op., not designated for publication). The remainder of Appellant's sole issue is sustained.

## DISPOSITION

Based on the foregoing, we *modify* the trial court's bill of costs by deleting the assessment of a time payment fee, without prejudice to its being assessed later, if, more than thirty days after the issuance of our mandate, Appellant fails to completely pay fines, court costs, or restitution he owes. We *affirm* the trial court's judgment.

BRIAN HOYLE
Justice

Opinion delivered December 8, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 8, 2021**

**NO. 12-20-00279-CR**

**DANNY RAY TATE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-0775-19)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that the bill of costs of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the bill of costs of the court below be **modified** to delete the assessment of a time payment fee, without prejudice to its being assessed later, if, more than thirty days after the issuance of our mandate, Appellant fails to completely pay fines, court costs, or restitution he owes; the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*